IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN  DIVISION


UNITED STATES OF AMERICA


v.                                                    CRIMINAL NO. 2:18-cr-5- KS-MTP


KATIE ASHLEY DUBOSE TATE, ET AL


## ORDER DENYING MOTION TO SEVER


THIS CAUSE IS BEFORE THE COURT on Motion to Sever [120]  filed by Katie

Ashley Dubose Tate.      In her motion she states that she is ready to proceed to trial

notwithstanding the fact that her co-defendants have requested and been granted continuances.

She insists that her case should be severed and tried separately from the co-defendants.

There are two reasons that Ms. Tate claims justify severance. These are:

    1.   Severance is warranted to preserve Ms. Tate's right to a speedy trial; and

    2.     Severance is warranted due to mutually exclusive defenses.


## THE GOVERNMENT OPPOSES SEVERANCE

The Government's Response [122] succinctly states the background of this case and

the Court incorporates it by reference (Document [122] at page 2-3).  This is a case involving

counterfeit currency and alleged to involve six co-conspirators and co-defendants.

## IS SEVERANCE  WARRANTED TO PRESERVE MS. TATE'S RIGHT TO A

## SPEEDY TRIAL

The simple answer is no.  As previously stated,  this is a conspiracy case and if the defendants are properly joined pursuant to Federal Rule of Criminal Procedure 8(b) then there is a preference in the Federal  system for joint trials of defendants.  There has been no reason put forth by Movant that the defendants were not property joined at the outset.  Movant has previously requested and been granted three continuances prior to filing her Motion for Serverance. Additionaly, co-defendants Richard Crabtree and Tyler Janzen Perry, who were serving time on counterfeiting charges in Florida were only arraigned on August 2, 2018. They have requested and been granted continuances along with the other three co-defendants. Given the fact that two of the co-defendants were arraigned less than 70 days ago and are properly jointly indicted, the Court finds Movant's right to speedy trial will not be violated by a continuance that will allow a joint trial of all six defendants in December 2018.

## IS SEVERANCE WARRANTED DUE TO MUTUALLY EXCLUSIVE DEFENSES

The short answer is no. However if Ms. Tate can demonstrate that the defenses of her co-defendants are antagonistic to the point of being irreconcilable and mutually exclusive to the extent that the Court cannot fashion jury instructions or other protections,  then severance may be warranted. However, limited specifics have been presented by Movant, and the Court finds that severance is not warranted at this time due to the mutually exclusive defenses claim.

## CONTINUANCE OF THE TRIAL OF MOVANT

The Court finds that for the reasons stated above and the preference for joint trials that the trial of the defendant, Katie Ashley Dubose Tate, should be continued until the next term of Court where she will be tried jointly with her five co-defendants whose trials have previously been continued to the same date.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

That the Motion to Sever [120] is DENIED and that the trial of Katie Ashley Dubose Tate is continued for trial on the 17th day of December, 2018.

SO ORDERED this the ___28th___ day of September, 2018.


___s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE